Deaderick, J.,
delivered the opinion of the Court.
The question in this case arises upon a motion to quash an attachment issued by a Justice of the Peace of Marshall county, because no sufficient ground for its issuance was stated in the affidavit. The motion was refused by the Justice, and judgment was rendered against defendant, whereupon he appealed to the Circuit Court, where he renewed his motion, and the plaintiff asked leave to amend his affidavit. The application to amend was refused, and the motion to quash allowed, and the cause dismissed, from which judgment plaintiff has appealed in error to this Court.
The allegation in the affidavit is that “N. W. Carter is justly indebted to Jackson L. Lillard in the sum of $60.50, after giving all just credits, and that he absconds or has so removed himself out of the *605 county that the ordinary process of the law can not be served upon him.”
The application to amend does not specify the amendments proposed, hut it is obvious that the affidavit is defective in substance, and not in form merely. Sec. 3477 of the Code allows amendments of affidavit “for any defect of form” only, and was not intended to allow the substitution of a valid and sufficient affidavit for one wholly insufficient to authorize the issuance of an attachment.
This is manifest from the distinction taken in the section between the character of amendment allowed to be made to the affidavit, and that in regard to a defective- bond, or when no bond was given at all.
While the section provides for the amendment of “any defect of form in the affidavit, bond, attachment, &c.” it proceeds further to declare that “no attachment shall be dismissed for any defect in, or want of bond, if the plaintiff, his agent or attorney, will substitute a sufficient bond.”
We are of opinion there was no error in the judgment of the Circuit Court, and affirm it.